UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, :<br>:<br>Plaintiff, :<br>:<br>v. :<br>:<br>AVEO PHARMACEUTICALS, INC, :<br>TUAN HA-NGOC, DAVID JOHNSTON, and :<br>WILLIAM SLICHENMYER, :<br>:<br>Defendants. :<br>: | No. 16-10607-NMG |

### STIPULATED PROTECTIVE ORDER

Plaintiff Securities and Exchange Commission and Defendants Tuan Ha-Ngoc, David Johnston, and William Slichenmyer ("party" or "parties"), and former party Aveo Pharmaceuticals, Inc., subject to the approval of the Court, hereby stipulate and agree to the following Protective Order:

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information for which special protection from use for any purpose other than this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order (the "Order").

2. DEFINITIONS

2.1. Protected Party: a Person who holds the right to the Protected Material information or items that are the subject of production or disclosure. Former party Aveo Pharmaceuticals, Inc. is specifically included as a Protected Party in, and

signatory to, this Order.

2.2     Disclosure or Discovery Material: all items of information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or discovery of this matter.

2.3     Person(s): an SEC Action Party (defined below) or non-party, including any natural person or entity.

2.4     Protected Material: Disclosure or Discovery Material designated for protection pursuant to this Order by a Protected Party. Any Protected Party may designate as "Protected Material" any document, material, recording or information (including but not limited to documents produced pursuant to Rules 34 or 45 of the Federal Rules of Civil Procedure, interrogatory responses, and deposition transcripts) which such Protected Party reasonably believes, in good faith, to contain or disclose (i) trade secrets, (ii) confidential commercial information, or (iii) materials issued or collected as part of a non-public government investigation of securities law violations other than those alleged in this Action.

2.5     Producing Party: a Person who produces Disclosure or Discovery Material in this action.

2.6     Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.7     SEC Action Party: any party to this action, including all of its employees,

2

consultants, agents, retained experts, and counsel (and their support staff or contractors).

3. **DESIGNATING PROTECTED MATERIAL**

   3.1   **Producing Party Is Protected Party**

Where the Producing Party holds the right to the Protected Material that is the subject of production or disclosure, the Producing Party/Protected Party must clearly and specifically designate "Protected Material" or "Confidential Treatment Requested" before or at the time that the material is disclosed or produced. The Producing Party/Protected Party is responsible for applying the marking "Protected Material" or "Confidential Treatment Requested" to designated documents if it wishes the documents to be so marked.

   3.2   **Producing Party Is Not Protected Party**

Where a Producing Party reasonably believes that any Disclosure or Discovery Material contains Protected Material but does not hold the right to the possibly Protected Material that is the subject of production or disclosure, the Producing Party shall provide the Protected Party a copy of the possibly Protected Material (unless the Protected Party previously produced it to the Producing Party) and a cover letter providing (i) notice that such possibly Protected Material is subject to production, including sufficient information to allow the Protected Party to identify which material may be subject to production, and (ii) a copy of this Order. The Producing Party shall endeavor to send the notice prior to disclosure or production, but no later than one (1) week after any such disclosure, production, or receipt of a transcript containing an oral disclosure. The Protected Party shall have two (2) weeks from the receipt of such notice to designate Protected Material by written correspondence to all SEC Action Parties. The Protected Party's designation

shall specifically identify the documents or pages to be protected. If the Protected Party believes that its Protected Material needs to be marked "Protected Material," the Protected Party shall bear the responsibility and cost of providing such marked documents or pages to the SEC Action Parties.

### 3.3    Protection Requiring Filing Under Seal

If a Protected Party believes that protection of its trade secret, confidential commercial information or non-public government investigative material requires certain documents or pages of documents to be sealed from public filings with the Court, the Protected Party shall mark those documents or pages "Protected Material – To Be Filed Under Seal." This designation of heightened protection shall be used sparingly and only for Protected Material whose disclosure would cause the Protected Party financial harm, a competitive disadvantage, or disclosure of government investigation(s) concerning securities law violations other than the ones alleged in this Action. Where the Protected Party makes such a designation, it shall provide the SEC Action Parties appropriately marked documents or pages. Personal data identifiers, as set forth in Rule 5.2 of the Federal Rules of Civil Procedure and Local Rule 5.3, contained in Protected Material shall be treated as required by those rules. Documents containing this material do not, by virtue of this material, qualify for this designation of heightened protection. Nothing in this agreement purports to modify or overrule the Local Rules regarding sealed filings.

If a Protected Party believes that pre-marking trade secret, confidential commercial information, or non-public government investigative material as "Protected Material – To Be Filed Under Seal" would be too costly because of the large volume of responsive documents to be reviewed and marked, the Protected Party may elect to reserve its right to designate trade

4

secret, corporate confidential information, non-public government investigative material as such until seven (7) calendar days prior to filing by any SEC Action Party. To elect this reservation, the Protected Party shall provide written notice to all SEC Action Parties within seven (7) calendar days of receiving notice of this Order. This written notice shall specifically identify, by Bates range or, if the documents are not so numbered, with similarly specific description, the documents and information for which the Protected Party is reserving its right. Once a Protected Party has so elected, the SEC Action Parties shall not file such Protected Material with the Court prior to giving the Protected Party notice of an intent to file such information seven (7) calendar days prior to filing. Upon receiving notice of an intent to file Protected Material, the Protected Party shall, within seven (7) calendar days, designate any trade secret, business confidential information, or non-public government investigative material it believes must be protected from public view by filing under seal. This designation shall include a declaration from the Protected Party providing the compelling reason(s) that justify shielding the purported trade secret, confidential corporate information, or non-public government investigative material from public access on the judicial docket. The Protected Party's failure to provide such designation or required supporting declaration of justification within seven (7) calendar days shall be deemed a waiver of the Protected Party's reserved right to designate the proffered information as requiring filing under seal.

The seven (7) calendar day review period for Protected Party review shall toll any applicable time period for the filing of motions or oppositions under the Federal Rules of Civil Procedure, the Local Rules of this Court, or deadlines imposed by this Court's scheduling order.

In the event that the moving SEC Action Party objects to the Protected Party's

5

designation of Protected Material requiring filing under seal, the moving SEC Action Party may file its contemplated motion and accompanying motion to seal based on the Protected Party's declaration, while reserving that SEC Action Party's right to later challenge the Protected Party's designation. The SEC Action Party shall thereafter, as provided in Section 6 below, make a good-faith effort to resolve any such disagreement and, should that effort fail, may move on reasonable notice for an order vacating the designation. By submitting pleadings under seal pursuant to such designation by a Protected Party, an SEC Action Party does not agree or assent to the claim of protection, nor waive its right to later challenge that designation.

3.4    Good Faith Designation

Protected Material designations must be made in good faith. Productions in which all or a majority of pages have been designated "Protected Material-To Be Filed Under Seal" will be subject to a rebuttable presumption that such designations have not been made in good faith.

4.    USE OF PROTECTED MATERIAL

The Parties agree and it is hereby ordered that Protected Material may be used by the SEC Action Parties only in connection with this litigation. Deponents, experts, and third-party witnesses shall be bound by the terms of this Order and shall not use Protected Material other than for their participation in this SEC enforcement action. Prior to disclosing Protected Material to deponents, experts or third-party witnesses, the SEC Action Parties shall provide them with a copy of this Order and explain its limitations on the use of such Protected Material.

5.    FILING OF "PROTECTED MATERIAL – TO BE FILED UNDER SEAL"

With regard to any material designated "Protected Material – To Be Filed Under Seal," all pleadings or other documents, including briefs, that are filed with the Court prior to trial, or at

6

any evidentiary hearing in connection with a trial, that contain such information are to be filed in an unredacted form with the Clerk of the Court in an envelope marked "SEALED PURSUANT TO ORDER OF THE COURT DATED _____." Within three (3) days of the sealed filing, the filing party shall file a redacted copy of its submission on the public docket. The redacted copy shall redact only those documents, pages or information that have been designated "Protected Material – To Be Filed Under Seal" and any recitations or arguments that disclose such material.

Pursuant to Local Rule 7.2, all pleadings or other documents filed with the Court in accordance with this paragraph must be accompanied by a motion requesting that the Protected Material be maintained under seal. This motion shall include the Protected Party's declaration providing the compelling reason(s) supporting the relief requested from the Court. The documents, thereafter, shall be maintained pursuant to the terms of the Court's ruling on that motion.

6. CHALLENGING DESIGNATIONS

Designation of any material as Protected Material or "Protected Material – To Be Filed Under Seal" shall not preclude any SEC Action Party from contending before the Court that a designated document or transcript does not qualify for protected treatment under Rule 26(c) of the Federal Rules of Civil Procedure or that protected treatment is not warranted; shall not create any presumption that documents and transcripts so designated are confidential; shall not prejudice in any way the rights of the parties to object to the production of documents based on the attorney-client privilege, other privileges recognized by applicable law, the work-product doctrine, or based on any other claim that such documents are not subject to discovery for reasons other than alleged confidentiality; and shall not shift the burden of establishing

7

entitlement to protected treatment. A party objecting to the designation of any Protected Material may, after making a good-faith effort to resolve any such objection, including but not limited to the conference required by Local Rules 7.1 and 37.1, move on reasonable notice for an order vacating the designation. In a challenge to Protected Material designations, the Protected Party shall bear the burden of proving that any designated documents or transcripts require protected treatment. While such application is pending, the Protected Material shall remain subject to the protections afforded by this Order.

7.  COMPLIANCE WITH OTHER FEDERAL LAWS AND RULES

Nothing in this Order shall be construed to limit or otherwise abrogate the SEC's ability to make its files available as described in the "Routine Uses of Information" section of SEC Form 1662, or to comply with any other applicable federal laws or rules.

8.  COMPLIANCE WITH SUBPOENAS AND ORDERS IN OTHER MATTERS

If during the pendency of this litigation a Receiving Party is served with a subpoena, discovery request, or an order issued in any other litigation or proceeding that would compel disclosure or production of any Protected Material, the Receiving Party shall so notify the Protected Party within seven (7) business days after receiving the subpoena or order and prior to producing any documents. Such notification must include a copy of the subpoena, discovery request, or order.

The Receiving Party shall also immediately inform in writing the Person who caused the subpoena or order to issue in the other litigation or proceeding that some or all of the material covered by the subpoena, discovery request, or order is the subject of this Order, and must deliver a copy of this Order to that Person. Nothing in this Order should be construed as authorizing or

8

encouraging a Receiving Party to disobey a lawful directive from another court.

9. **USE AT TRIAL**

This Order does not govern the treatment of Protected Material at trial, or any evidentiary hearing in connection with a trial in the SEC Action, which issue the Court shall address at the appropriate time during pretrial proceedings. The parties reserve their respective rights to argue at some future date whether the provisions of this Order should apply to the use of Protected Material at trial.

10. **FINAL DISPOSITION**

Even after the termination of this litigation, the use restrictions imposed by this Order shall remain in effect until a Protected Party agrees otherwise in writing as to the Protected Party's Protected Material, or a court order otherwise directs.

Dated: October 27, 2016
Boston, Massachusetts

Respectfully submitted,

/s/Richard M. Harper II
Rachel Hershfang (BBO # 631898)
Susan Cooke Anderson (DC Bar no. 978173)
Richard M. Harper, III (BBO #634782)
SECURITIES AND EXCHANGE
  COMMISSION
33 Arch Street, 24th Floor
Boston, MA 02110
(617) 573-8987
hershfangr@sec.gov
andersonsu@sec.gov
harperr@sec.gov

Counsel for Plaintiff
Securities and Exchange Commission

/s/ James R. Carroll
James R. Carroll (BBO #554426)
Michael S. Hines (BBO #653943)
Sara J. van Vliet (BBO #688390)
SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP
500 Boylston Street
Boston, Massachusetts 02116
(617) 573-4800
james.carroll@skadden.com
michael.hines@skadden.com
sara.vanvliet@skadden.com

Counsel for Defendant
Tuan Ha-Ngoc

9

/s/ John F. Sylvia
John F. Sylvia (BBO # 555581)
Andrew N. Nathanson (BBO # 548684)
Emily B. Kanstroom (BBO # 678979)
MINTZ, LEVIN, COHN, FERRIS,
   GLOVKSY AND POPEO, P.C.
One Financial Center
Boston, Massachusetts 02111
(617) 542-6000
jfsylvia@mintz.com
annathanson@mintz.com
ebkanstroom@mintz.com

Counsel for Defendant
David B. Johnston


/s/ Daniel P. Tighe
Daniel P. Tighe (BBO #556583)
Jeffrey J. Pyle (BBO #647438)
PRINCE LOBEL TYE LLP
One International Place
Boston, Massachusetts 02110
(617) 456-8024
dtighe@princelobel.com
jpyle@princelobel.com

Counsel for Defendant
William Slichenmyer

/s/Eric Wolkoff
William H. Paine (BBO#550506)
Michael G. Bongiorno (BBO#545202)
Eric Wolkoff (BBO#679566)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel.(617) 526-6000
Fax (617) 526-5000
william.paine@wilmerhale.com
michael.bongiorno@wilmerhale.com
eric.wolkoff@wilmerhale.com

Counsel for Former Party Aveo
Pharmaceuticals, Inc.

SO ORDERED: *Subject, specifically, to the provisions of Local Rule 7.2.*

Dated: 11/14/16

*/s/ Nathaniel M. Gorton*
Nathanial M. Gorton
United States District Judge

11